UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| BAY AREA SURGICAL MANAGEMENT, LLC,<br><br>    Plaintiff,<br><br> v.<br><br>PRINCIPAL LIFE INSURANCE COMPANY,<br><br>    Defendant. | Case No.: 5:12-CV-01140 EJD<br><br>**ORDER DENYING MOTION TO REMAND**<br><br>**(Re: Docket No. 15)** |

Pending before the court is Plaintiff Bay Area Surgical Management, LLC's ("Bay Area") Motion to Remand. For the reasons discussed below, Bay Area's motion to remand is DENIED.

## I.  BACKGROUND

On February 3, 2012, Bay Area filed a complaint in the Superior Court of the State of California for the County of Santa Clara against Defendant Principal Life Insurance Company ("Principal") alleging breach of contract, violation of the California Business & Professions Code 17200 et seq., negligent misrepresentation, promissory estoppel, and equitable estoppel. See Notice of Removal Ex. A ("Compl."), Docket No. 1. According to the Complaint, Bay Area is a citizen of California. Id. ¶ 12. The Complaint does not allege Principal's citizenship, but the Notice of Removal states that Principal is a citizen of Iowa. See Notice of Removal at 4:20-27, Docket No. 1. The Complaint states that it seeks $124,208.27 in damages. Compl. ¶ 32, at 11:20-21.

Principal removed the action to this court on March 7, 2012 based on federal question jurisdiction and diversity jurisdiction. Id. at 2-4. On April 2, 2012, Bay Area filed the First Amended Complaint ("FAC"). See Docket No. 14. According to the FAC, Bay Area seeks $74,500 in damages. Id. ¶ 34, 36, at 10:20-21.

On, April 4, 2012, Bay Area filed this motion to remand the case to state court, arguing the federal court lacks both federal question and diversity jurisdiction. See Docket No. 15. On July 10, 2012, the court found the motion was suitable for determination without oral argument. See Civil L.R. 7-1(b).

## II. LEGAL STANDARD

A suit may be removed from state court to federal court only if the federal court would have had subject matter jurisdiction over the case. 28 U.S.C. § 1441(a). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. If it appears at any time before final judgment that the federal court lacks subject matter jurisdiction, the federal court must remand the action to state court. 28 U.S.C. § 1447(c). The party seeking removal bears the burden of establishing federal jurisdiction. Provincial Gov't of Marinduque v. Placer Dome, Inc., 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." Moore–Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)).

## III. DISCUSSION

The Court has diversity jurisdiction in all civil actions where the amount in controversy exceeds $75,000 and is between citizens of different States. 28 U.S.C. § 1332(a). Bay Area is a citizen of California, and Principal is a citizen of Iowa. Consequently, it is undisputed that the parties are diverse.

Bay Area argues that the amount in controversy no longer exceeds $75,000. Specifically, Bay Area admits that its original complaint stated a prayer for damages in the amount of $124,208.27,[1]

---

[1] Bay Area notes that this amount was in error and it is actually owed approximately $104,000.00. FAC ¶ 34.

2

Case No.: 5:12-CV-1140 EJD
ORDER DENYING MOTION TO REMAND

but after removal Bay Area filed the FAC, in which Bay Area chooses to only seek $74,500. Bay Area argues that this amended complaint reduces the amount in controversy and deprives the court of diversity jurisdiction.[2]

When removal is based on diversity jurisdiction, "events occurring subsequent to removal which reduce the amount recoverable, whether beyond the plaintiff's control or the result of his volition, do not oust the district court's jurisdiction once it has attached." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 293 (1938). "In the law of diversity jurisdiction . . . jurisdiction is not destroyed by subsequent events that reduce the amount recoverable below the statutory limit." In re Scovis, 249 F.3d 975, 986 (9th Cir. 2001); see also Barcume v. Cortes, 24 F. App'x 754, 756 (9th Cir. 2001) ("Moreover, under St. Paul, Barcume's later decision to pursue a single claim for less than $75,000 did not divest the district court of jurisdiction."). Accordingly, the court may not consider Bay Area's FAC in determining whether more than $75,000 is in controversy.

Here, the action was properly removed on the basis of diversity jurisdiction. The parties are citizens of different states, which Bay Area does not dispute, and the Complaint stated on its face that it sought damages in the amount of $124,208.27. Compl. ¶ 32, at 11:20-21. Bay Area cannot deprive the court of jurisdiction by amending its pleadings to reduce the claim below $75,000. See

---

[2] Bay Area's unopposed requests for judicial notice of two orders remanding similar cases are GRANTED. Docket Nos. 33, 34. These cases, however, are inapposite to this motion. See Bay Area Surgical Management, LLC v. Blue Cross Shield of Minnesota, Inc., No. 12-CV-0848-LHK, 2012 WL 2919388, at *10 (N.D. Cal. July 17, 2012) (finding no diversity jurisdiction where the original complaint sought a limited monetary award of $49,522.14); Bay Area Surgical Management, LLC. v. United Healthcare Ins. Co., No. C 12–01421 SI, 2012 WL 3235999, at *5 (N.D.Cal. Aug. 6, 2012) (remanding action that was removed on the basis of federal question jurisdiction and finding no diversity jurisdiction where the amended complaint seeks damages of $74,500 but including no discussion of the damages sought in the original, removed complaint). In fact, Judge Koh's order in Bay Area Surgical Management, LLC v. Blue Cross Shield of Minnesota, Inc. supports this court's analysis, determining the amount in controversy based on the allegations in the original complaint and finding that "the Court may not consider Bay Area's FAC in determining whether more than $75,000 is in controversy." 2012 WL 2919388, at *9 (citing St. Paul Mercury Indemnity Co., 303 U.S. at 293).

3

Case No.: 5:12-CV-1140 EJD
ORDER DENYING MOTION TO REMAND

id. at 289. Thus, the court has subject matter jurisdiction over this action based on diversity.[3]

Accordingly,

IT IS HEREBY ORDERED that Bay Area's motion to remand is DENIED.

Dated: August 24, 2012

_____
EDWARD J. DAVILA
United States District Judge

---

[3] Because the court finds that it has subject matter jurisdiction over the action on the basis of diversity, the court does not address Bay Area's argument regarding whether it also has subject matter jurisdiction because the action involves a federal question.